

**SIGNED this 16 day of November, 2012.**

_James P. Smith_

**James P. Smith**
**United States Bankruptcy Judge**


UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION


| | | |
|---|---|---|
| In the Matter of: | : | Chapter 13 |
| | : | |
| OTIS L. ELLIS, | : | |
| | : | |
| Debtor | : | Case No. 12-51637-JPS |

BEFORE

James P. Smith
United States Bankruptcy Judge


APPEARANCE:

    For Debtor:                Danny L. Akin
                                        Robert M. Matson
                                        Akin, Webster and Matson, PC
                                        544 Mulberry Street, Ste 400
                                        P.O. Box 1773
                                        Macon, GA 31202

    For Chapter 13 Trustee:    Tony Coy
                                          Camille Hope
                                          Office of the Chapter 13 Trustee
                                          P.O. Box 954
                                        Macon, GA 31202

## MEMORANDUM OPINION

Before the Court is the Chapter 13 Trustee's objection to confirmation of Debtor's Chapter 13 plan.  A hearing on confirmation of the plan and the trustee's objection was held on October 9, 2012.  The Court, having considered the record and the applicable law, now publishes this memorandum opinion.

## FACTS

The material facts are not in dispute.  Debtor Otis L. Ellis filed a Chapter 13 case on June 24, 2012.  Debtor's Schedules I and J show monthly net income of $1,366.49.  Debtor's Form B22C shows that he is an "above median" debtor.  Accordingly, the applicable commitment period for this Debtor is five years and his monthly disposable income, as determined under 11 U.S.C. § 1325(b)(2) and (3), is $4,011.27.

In his Chapter 13 plan, Debtor proposes to make monthly plan payments of $850 over a term of 57 months.  Although the plan proposes to pay in full all allowed general unsecured claims,  the plan payments are substantially lower than either Debtor's monthly net income or monthly disposable income.

The trustee contends that Debtor must commit to the plan his monthly net income[1] of $1,366.49, which would allow for full payment of unsecured claims in about 38 months

---

[1] Although section 1325(b)(1)(B) uses the term "projected disposable income," the trustee seeks only the payment into the plan of Debtor's monthly net income.  The Court, therefore, need not decide whether payment of monthly net income satisfies section 1325(b)(1)(B).

instead of 57 months.[2]  The trustee contends that extending the term of this plan to 57

months violates the spirit of the Bankruptcy Code by not satisfying unsecured claims sooner.

The trustee is also concerned that some misfortune could happen to Debtor that would

prevent full payment of the unsecured claims if the term is extended from 38 months to 57

months.


## DISCUSSION

Section 1325(b)(1) provides:

> If the trustee or the holder of an allowed unsecured claim
> objects to the confirmation of the plan, then the court may not
> approve the plan unless, as of the effective date of the plan–
>> (A) the value of the property to be distributed
>> under the plan on account of such claim is not
>> less than the amount of such claim; or
>> (B) the plan provides that all of the debtor's
>> projected disposable income to be received in
>> the applicable commitment period beginning
>> on the date that the first payment is due under
>> the plan will be applied to make payments to
>> unsecured creditors under the plan.

The trustee contends that Debtor must pay into the plan all his monthly net income

even though he is paying the unsecured claims in full.  Debtor contends the disposable

income requirement of section 1325(b)(1)(B) is not applicable if his plan proposes to pay all

unsecured claims in full in accordance with section 1325(b)(1)(A).

The trustee contends that Debtor must pay into the plan all his monthly net income

The material facts in the case at bar are almost identical to those in In re Richall, 470

---

[2]  The trustee also objected to confirmation on the ground that the plan could not be
completed within 60 months as required under section 1322.  Since the trustee did not assert
this objection at the hearing, it is deemed abandoned.

3

B.R. 245 (Bankr. D. N.H. 2012).  There the above median debtors proposed to pay about

one half their monthly disposable income into a plan with a term of 60 months.  All

unsecured claims would be paid in full.  If the debtors committed all their monthly

disposable income to the plan, unsecured claims could be paid in full in about 30 months.

After examining the history and structure of section 1325(b), the court held that subsections

(A) and (B) of section 1325(b)(1) are in the disjunctive; i.e. it is sufficient to satisfy one or

the other.  Satisfaction of both is not required.  Accordingly, the court concluded that an

above median debtor satisfies section 1325(b) if he is paying all unsecured claims in full

even if he could pay claims in a shorter period of time by contributing all monthly

disposable income to plan payments.

This Court believes that Richall was correctly decided and that this Court should

follow that decision.  Accordingly, the Court holds that a plan satisfies section 1325(b) if

unsecured claims will be paid in full even if the claims could be paid in a shorter period of

time if all monthly disposable income was contributed to plan payments.

The Court will enter an order overruling the trustee's objection to confirmation.  The

trustee is instructed to advise the Court when this case is ready for a final hearing on

confirmation.